**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL T. HAYES, | No. 20-35994 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00534-DCN |
| v. | |
| RACHEL NETTLES; MICHAEL MONTGOMERY; CHARLES JOHANNESSEN; FELIX DIAZ, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Idaho state prisoner Michael T. Hayes appeals pro se from the district

court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action

alleging violations of the Eighth and Fourteenth Amendments.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm in part, reverse in part, and remand.

The district court properly dismissed Hayes's due process claim related to the November 10 hearing and conditions-of-confinement claim because Hayes failed to allege facts sufficient to state a plausible claim. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (a prisoner has no protected liberty interest unless the sanction imposed extends the length of his sentence or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference"); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow internal prison policy does not amount to a constitutional violation).

The district court properly granted summary judgment on Hayes's due process claim related to the November 17 hearing because Hayes failed to raise a

genuine dispute of material fact as to whether Hayes was denied any procedural protections that were due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974) (due process requirements for prison disciplinary proceedings).

The district court concluded that summary judgment was proper on Hayes's excessive force claim because the force used to restrain Hayes was not excessive in light of evidence that Hayes had been aggressive and had kicked a defendant and the district court's conclusion that Hayes's injuries were not extensive. However, Hayes attested that two defendants held him face-down on the floor while a third repeatedly jumped on Hayes's back with his knee, and that Hayes urinated blood for over a month after the incident. Defendants dispute that any defendant put a knee on Hayes's back. Thus, viewing the evidence in the light most favorable to Hayes, Hayes raised a genuine dispute of material fact as to whether defendants' use of force was applied in a good-faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("[T]he core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). Moreover, defendants are not entitled to qualified immunity because, viewing the facts in the light most favorable to Hayes, it would have been clear to every reasonable official that defendants' actions violated Hayes's constitutional rights. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741

20-35994

(2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted and alteration adopted)); *Hudson*, 503 U.S. at 7. Accordingly, we reverse and remand for further proceedings on this claim.

We reject as without merit Hayes's contention that his action should have been treated as a criminal prosecution.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**